UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Vinson Blalock,                                                           Case No. 3:20-cv-2764

           Plaintiff,

    v.                                                                              MEMORANDUM OPINION
                                                                                    AND ORDER

FCA US LLC,

           Defendant.


       Following an unsuccessful attempt to resolve a pending discovery issue via telephone conference, I ordered the parties to brief this issue of "whether a union and non-union employee may be considered similarly situated for the purpose of establishing a prima facie discrimination claim." (Doc. No. 29). In response, Plaintiff filed his second motion to compel, seeking "an order compelling Defendant to provide the names of all employees, whether union, management, hourly, or salary, that were terminated by Defendant and later returned to work when it was determined that their failure to provide timely medical documentation occurred through no fault of their own." (Doc. No. 30 at 6). Defendant asserts these names need not be produced because they are not relevant to Plaintiff's claim. (Doc. No. 31).

       Although the substance of the briefing exceeded the scope defined by my Order, it raises important questions regarding the nature of Plaintiff's claim. I appreciate that the most recent request for production stems from information learned through discovery. But I agree with Defendant's assertion that the Plaintiff has not met his burden to show how the information he seeks is relevant to his sole claim of disability discrimination as pleaded in the Complaint. (*See* Doc.

No. 1); *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015). Therefore, Plaintiff's second motion to compel is denied without prejudice. (Doc. No. 30).

Should Plaintiff seek to pursue a claim for relief based on new information, he must first move for leave to amend the Complaint under Rule 15(a)(2). Defendant's opposition to that motion would then be a proper vehicle through which it may challenge whether "similarly situated" employees for purposes of Plaintiff's prima facie disability discrimination case must be "non-disabled," as they argue here. (*See* Doc. No. 31 at 5-6).

Any motion to amend the Complaint must be accompanied by a Proposed Amended Complaint and shall be filed on or before December 8, 2023. Defendant's opposition brief shall then be filed by January 12, 2024, and any reply shall be filed by January 26, 2024. If Plaintiff chooses not to pursue an amendment to the Complaint, the parties shall file a joint status report on or before December 15, 2023.

So Ordered.

                                              s/ Jeffrey J. Helmick
                                              United States District Judge